IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| RAILROAD MAINTENANCE AND INDUSTRIAL HEALTH AND WELFARE FUND, <br><br> Plaintiff, <br><br> vs. <br><br> HORACIO RESTREPO d/ b/a RESTREPO BROTHERS, INC., and RESTREPO BROTHERS, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) No. ) ) ) ) ) ) ) |

## COMPLAINT

NOW COME Plaintiff, RAILROAD MAINTENANCE AND INDUSTRIAL HEALTH AND WELFARE FUND, by and through its attorneys, Cavanagh & O'Hara, complaining of the Defendants, HORACIO RESTREPO d/ b/a RESTREPO BROTHERS, INC. and RESTREPO BROTHERS, INC., and allege as follows:

1.   This action arises under the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. §1145.

2.   The Plaintiff is an employee benefit plan administered pursuant to the terms and provisions of an Agreement and Declaration of Trust creating said Fund and is required to be maintained and administered in accordance with the provisions of the Labor Management Relations Act of 1947, and ERISA, 29 U.S.C. §§1001 *et seq.*  The address and place of business of the Plaintiff is Railroad Maintenance and Industrial Health and Welfare Fund, 2725 West Monroe Street, Springfield, Illinois, 62704.

3. That the Defendant is an Employer engaged in an industry within the meaning of ERISA, 29 U.S.C. §§1002 (5), (11), (12) and (14). Defendant employs individuals who are members of, and represented by, Operating Engineers Local 150, and said individuals are participants in the Fund, pursuant to the Landscaping Memorandum of Agreement by and between Operating Engineers Local 150 and Defendant. The Landscaping Memorandum of Agreement is attached hereto and incorporated herein as **Exhibit A**.

4. The Defendant's address is Crystal Lake, Illinois 60014.

5. Pursuant to ERISA, 29 U.S.C. §1145, the Defendant is required to make contributions to the Fund in accordance with the terms and conditions of the Agreement and Declaration of Trust of the Plaintiff. The Agreement and Declaration of Trust, in pertinent part, is attached hereto and incorporated herein as **Exhibits B.**

6. Pursuant to the Agreement and Declaration of Trust, the Trustees may, on reasonable notice, have an audit made by an independent accountant or its representatives of the payroll of any employer in connection with the said contributions and/or reports.

7. The Agreement and Declaration of Trust provides that the Trustees of the Fund shall be entitled to institute any appropriate action, including legal action, to remedy an employer's failure to properly make payment to the Fund.

8. That Plaintiff has made demand upon the Defendant to permit an audit for the period of January 1, 2002 through December 31, 2006, but Defendant has refused to satisfy said demand. A copy of said demand is attached hereto and incorporated herein as **Exhibit C**.

9. That Plaintiff is entitled to reasonable attorney fees pursuant to the Agreement and Declaration of Trust and ERISA, 29 U.S.C. §1132(g)(2). Attached hereto and incorporated herein

as **Exhibit D** is the Affidavit of James P. Moody in support of his request for attorney fees in the amount of $939.90 incurred in the prosecution of this matter.

WHEREFORE, Plaintiff prays as follows:

A.  That an account be taken by the Plaintiff as to wages received and hours worked by Defendants' employees from January 1, 2002 through December 31, 2006, in order to determine amounts required to be paid by the Defendants to the Plaintiff;

B.  That the Defendants be decreed to pay to the Plaintiff all such monies determined by the audit, interest and statutory remedies, for all contributions due and owing at the time Judgment is entered;

C.  That the Defendants be specifically required to perform and continue to perform all its obligations to the Plaintiff, particularly to furnish to the Plaintiff the required contribution reports and payments referred to above, or in lieu thereof, a statement covering the period for which said reports are required that Defendants had no employees for whom contributions are required to be made;

D.  That the Defendants be decreed to pay all costs attendant to any audit of Defendants' payroll books and records pursuant to the Plaintiff's Agreement and Declaration of Trust;

E.  That the Defendants be decreed to pay to the Plaintiff its reasonable attorney fees to date in the amount of $939.90, as provided by ERISA, 29 U.S.C. §1132(g)(2) and the Agreement and Declaration of Trust;

F. That Plaintiff be awarded such other and further relief as the Court deems just and equitable, all at Defendants' cost.

                                        RAILROAD MAINTENANCE AND INDUSTRIAL
                                        HEALTH AND WELFARE FUND, Plaintiff,

By:       s/ James P. Moody
          JAMES P. MOODY
          **CAVANAGH & O'HARA**
          Attorney for Plaintiff
          407 East Adams Street
          Post Office Box 5043
          Springfield, IL 62705
          Telephone: (217) 544-1771
          Fax: (217) 544-9894
          jim@cavanagh-ohara.com

F:\files\RAILROAD\Restrepo Brothers, Inc\Complaint.AUD.wpd

(312) 541-1050

#2-361565-00

## LANDSCAPING
## MEMORANDUM OF AGREEMENT

THIS AGREEMENT made and entered into by and between **RESTREPO BROS. INC.** **925 Milwaukee Ave Wheeling IL 60090** its successors and assigns, hereinafter referred to as the "EMPLOYER", First Party, and LOCAL 150, INTERNATIONAL UNION OF OPERATING ENGINEERS, hereinafter referred to as the "UNION" Second Party.

THIS AGREEMENT is made in consideration of the instant promises of the First and Second Parties and the parties do hereby agree as follows:

1. The EMPLOYER recognizes the UNION as the sole and exclusive bargaining representative for and on behalf of the employees of the EMPLOYER within the territorial and occupational jurisdiction of the UNION.

2. The Parties agree that the EMPLOYER is part of a single bargaining unit made up of all employers party to the Master Agreement adopted herein.

3. The Parties do hereby adopt the Master Agreement dated **December 1, 1985** entered into by and between the UNION and the **Il. Landscape Contractors Bargaining Assn. and Northern Illinois Landscape Contractors** and the parties do hereby mutually agree to be bound by the terms and conditions of that Master Agreement and the Agreement and Declaration of Trust of Midwest Operating Engineers Welfare Fund and all amendments heretofore or hereafter made thereto, as though the same were fully incorporated herein. The Employer acknowledges that he has received a copy of the aforesaid Master Agreement, that he has reviewed same, and that he is aware of the obligations arising thereunder.

4. This Agreement and the adoption of the Master Agreement and Agreement and Declaration of Trust referred to in paragraph 3 above shall be effective as of **APRIL 1ST 1988**, and remain in effect to and including the expiration date of the Master Agreement adopted herein. This Agreement shall continue in effect from year to year thereafter and specifically adopt any Master Agreement entered into between the Union and **Il. Landscape Contractors Bargaining Assn. and Northern Il. Landscape Contractors** subsequent to the expiration date of the Master Agreement herein adopted unless notice of termination or amendment is given in the manner provided herein.

5. Either Party desiring to amend or terminate this Memorandum of Agreement must notify the other in writing at least three (3) calendar months prior to the expiration of the Master Agreement adopted herein.

IN WITNESS WHEREOF, the Parties have executed this Memorandum of Agreement the **1ST** day of **APRIL**, 19**88**.

MOE REC"D
APR 22 1988
ACCTS. REC.

**RESTREPO BROS INC**
Employer

By _[SIGNATURE REDACTED]_

**SECRETARY**
Title

**HORACIO RESTREPO**

LOCAL 150, INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO

William E. Dugan

Steven M. Cisco

Jacob Hagopian

OFFICE COPY

EXHIBIT A

RESTATED AGREEMENT
AND
DECLARATION OF TRUST

OF THE

RAILROAD MAINTENANCE AND INDUSTRIAL
HEALTH AND WELFARE FUND

Adopted: January 18, 1996

EXHIBIT
B

ARTICLE IV

CONTRIBUTIONS AND COLLECTIONS

Section 4.1 Employer Contributions.

(a) Each Employer shall make prompt contributions or payments to the Trust Fund in such amount and under the terms as are provided for in the applicable collective bargaining agreement in effect from time to time between the Employer or his bargaining representative and the Union. An Employer may also be required to make contributions in such amount and under such terms as such Employer may be obligated, in writing, to make, provided that such contributions shall be subject to acceptance by the Trustees. The Employer agrees that such contributions shall constitute an absolute obligation to the Trust Fund, and such obligation shall not be subject to set-off or counterclaim which the Employer may have for any liability of the Union or of an Employee.

(b) Contributions to the Fund shall be paid to the Trustees or to such depository as the trustees shall designate, only by check, bank draft, money order or other recognized written method of transmitting money or its equivalent, made payable to the order of the Trustees of the Railroad Maintenance and Industrial Health and Welfare Fund. The payment of contributions shall be made periodically at such times as the Trustees shall specify by rules and regulations or as may be provided in the applicable collective bargaining agreement.

(c) Each Employer shall be responsible only for the contributions payable by him on account of Employees covered by him, except as may be otherwise provided by law. The Association or any other employers association or group shall not be responsible for the contributions, payment or other obligations of any other Employer, or otherwise.

Section 4.2 Employee Contributions. Participants (i) who cease to perform work for an Employer for which work Employer contributions were required to be paid to this Fund as provided in Section 4.1 of this Article, and (ii) who, at the time they last performed such work, had been eligible and qualified to receive benefits under the plan of benefits established by the Trustees under this Fund, and (iii) who are members of such a class of such Participants as to whom the Trustees,

16

consistent with applicable law, have in their sole discretion determined to provide continued eligibility for benefits of such type and amount and for such period of time and on such terms as the Trustees in their discretion may wish to make available to such class, shall make periodic contributions or payments to the Trust Fund in such amounts and at such times and subject to such conditions, requirements, limitations and rules as the Trustees in their sole discretion may establish and impose with respect to such class of such Participants.

Section 4.3  Receipt of Payment and Other Property of Trust. The Trustees or such other person or entity designated or appointed by the Trustees in accordance with Section 5.3 of Article V are hereby designated as the persons to receive the payments heretofore or hereafter made to the Trust Fund by the Employers and Employees. The Trustees are hereby vested with all right, title and interest in and to such moneys and all interest which may be accrued thereon, and are authorized to receive and be paid the same.

Section 4.4  Collection and Enforcement of Payments. The Trustees, or such committee of the Trustees as the Board of Trustees shall appoint, or the Administrative Manager if one has been appointed and when directed by such committee or by the Board of Trustees, shall have the power to demand, collect and receive Employer payments and all other money and property to which the Trustees may be entitled, and shall hold the same until applied to the purposes provided in this Trust Agreement. They shall take such steps, including the institution and prosecution of, or the intervention in, such legal or administrative proceedings as the Trustees in their sole discretion determine to be in the best interest of the Trust Fund for the purpose of collecting such payments, money and property, without prejudice, however, to the rights of the Union to take whatever steps it deems necessary and wishes to undertake for such purpose.

17

Section 4.5  Late Payments. The Trustees may require the payment by Employers of liquidated damages at the rate of ten percent (10%) of the balance due or as provided in the applicable collective bargaining agreement or provided in a schedule established by the Trustees and of other costs and expenses (such as without limitation, attorneys' fees, filing fees and cost of service of papers and all audit costs incurred by the Trustees and arising out of the collection of such Employer's delinquent contributions. Non-payment, by any Employer, of any contribution or other moneys owed to the Fund shall not relieve any other Employer from his or its obligation to make required payments to the Trust Fund.

Section 4.6  Production of Records. Each Employer shall promptly furnish to the Trustees, on demand, the names of his Employees, their Social Security numbers, the hours worked by each Employee and such other information as the Trustees may reasonably require in connection with the administration of the Trust Fund and for no other purpose. The Trustees and the insurance carrier, when so authorized by the Trustees, may, by their respective representatives, examine the pertinent employment and payroll records of each Employer at the Employer's place of business whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of the Trust Fund and of the contracts or policies of insurance. The Union shall, upon the request of the Trustees, promptly furnish information in respect to an Employee's employment status.

Section 4.7  Conduct of Trust Business. The Trustees shall have general supervision of the operation of this Trust Fund and shall conduct the business and activities of the Trust Fund in accordance with the Trust Agreement and applicable law. The Trustees shall hold, manage and protect the Trust Fund and collect the income therefrom and contributions thereto. The Trustees

18

may, in the course of conducting the business of the Trust, execute all instruments in the name of the Railroad Maintenance and Industrial Health and Welfare Fund, which instruments shall be signed by at least one Employer and one Employee Trustee, with the exception of benefit claim checks which any two (2) Trustees may execute; provided, however, any one Trustee may execute legal documents to commence and process law suits to enforce trust collections on behalf of the Trustees.

Section 4.8  <u>Report on Contributions and Production of Records</u>. The Employers shall make all reports on contributions required by the Trustees. Each Employer shall promptly furnish to the Trustees, on demand, the names of its employees, their social security numbers, the hours worked by each employee, and such other information as the Trustees may reasonably require in connection with the administration of the Trust and Welfare Plan. The Trustees may, on reasonable notice, have an audit made by an independent accountant or its representatives of the payroll of any Employer in connection with the said contributions and/or reports.

All Employers shall be required to maintain records in compliance with procedures developed and communicated by the Administrator from the beginning of such Employer's participation in the fund forward unless given written authorization by the Administrator. Upon request to destroy said records, or in the absence of said authorization, said records must be kept for 10 years. The Trustees shall require the Employer to designate the classification of all of his employees and if the employer fails to do so, the Trustees shall conduct an investigation for the purpose of determining the classification of such employees and the results of said investigation shall be conclusive.

Where an audit discloses a substantial difference between hours actually worked and an employee's hours reported to the Trust by his Employer, or where the matter has been referred to Fund Counsel for collection or to obtain an audit, regardless of whether the audit discloses a delinquency, the Employer must pay the cost of the audit. Furthermore, where such audit discloses any willful violation of any of the requirements of this Trust Agreement or rules and regulations adopted in connection herewith, those officers and directors of such Employer, if a corporation, who supervised the completion of the report forms, signed report forms, or can be determined to have had personal knowledge of such conduct, shall be personally liable for any underpayment or other pecuniary loss to the Fund as a result of such conduct. Nothing herein shall prevent a personal liability for owners or partners who are not otherwise incorporated.

In addition, the delinquent contributions shall bear interest up to the prime rate of interest as recognized by the First National Bank of Springfield, (or its successor Bank), or such other lawful amount as determined by the Trustees from the due date until totally satisfied.

In the event an Employer party to this Trust Agreement or otherwise bound thereby becomes delinquent in his contributions and the Trustees place the account in the hands of legal counsel for collection, said delinquent Employer shall be liable for reasonable attorney's fees and for all reasonable costs incurred in the collection process, including court fees, audit fees, etc. "Reasonable attorney's fees" as used herein shall mean: All reasonable attorney's fees in the amounts for which the Trustees become legally obligated including recovery of liquidated damages, audit costs, filing fees and any other expenses incurred by the Trustees.

# CAVANAGH & O'HARA
### Attorneys At Law

407 East Adams Street
P.O. Box 5043
Springfield, Illinois 62705
Telephone (217) 544-1771
Telefax (217) 544-9894

William K. Cavanagh
Michael W. O'Hara
Patrick J. O'Hara
James P. Moody
John T. Long
Britt W. Sowle

Of Counsel
Michael J. Masterson, P.C.

*Swansea Office*
1609 North Illinois Street
Swansea, Illinois 62226
Telephone (618) 222-5945
Telefax (618) 222-6755

*Chicago Office*
20 South Clark
Suite 3000
Chicago, Illinois 60603
Telephone (312) 629-3141
Telefax (312) 855-0445

March 21, 2007

*Via Certified & Regular Mail*
Mr. Alvaro Restrepo
Restrepo Brothers, Inc.
107 N. Main Street
Crystal Lake, IL 60014

Re: **Railroad Maintenance and Industrial Health & Welfare Fund
Payroll Compliance Audit**

Dear Mr. Restrepo:

Please be advised, this firm represents the Railroad Maintenance and Industrial Health & Welfare Fund. The Trustees of the Fund have selected your company for a routine payroll audit.

Romolo & Associates have been engaged by the Trustees to conduct an examination of your payroll records and employers contribution reports for the period of January 1, 2002, through December 31, 2006. The following is a list of the records the auditor will need in order to complete the payroll compliance audit:

1. Payroll journals;
2. Individual earnings and time records on all employees;
3. Annual earnings reports (W-2 and W-3);
4. Quarterly employer's federal withholding and FICA tax returns (Forms 941);
5. Quarterly employer's contribution and wage reports for state unemployment compensation (Forms UI-3);
6. Employer's copies of monthly contributions reports to the Fund;
7. All pertinent personnel file information;
8. Case disbursement records;
9. Payments to subcontractors (Forms 1096 and 1099);
10. Most recent Union contract; and
11. Federal income tax returns.


EXHIBIT C

Page Two  
Mr. Alvaro Restrepo                                                        March 21, 2007

    Please contact this office **on or before April 2, 2007**, with respect to scheduling a payroll audit of your company. Failure to do so will leave us no other alternative than to file formal legal proceedings to compel same.

    Please govern yourself accordingly.

                                        Very truly yours,



                                        James P. Moody

JPM:pjr  
cc:    Railroad Maintenance & Industrial Health & Welfare Fund/Dora Crenshaw  
       Michelle Shadid, Romolo & Associates

F:\files\RAILROAD\Restrepo Brothers, Inc\L-audit.wpd

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RAILROAD MAINTENANCE AND INDUSTRIAL HEALTH AND WELFARE FUND, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. |
| HORACIO RESTREPO d/ b/a RESTREPO BROTHERS, INC., and RESTREPO BROTHERS, INC., | ) ) ) ) | |
| Defendant. | ) | |

### AFFIDAVIT IN SUPPORT OF ATTORNEY FEES

JAMES P. MOODY, having first been duly sworn on oath, states that the following itemization accurately represents the time and costs expended by this office in this cause:

| DATE | DESCRIPTION | HOURS |
|---|---|---|
| 11/15/06 | Received and reviewed correspondence re: Restrepo Brothers; telephone conference with Dora Crenshaw. | .25 |
| 03/21/07 | Letter to Restrepo demanding audit records via certified and regular mail; calendar response; addition to Delinquency Status Report. | 1.35 |
| | Telephone conference with Dora Crenshaw re: Restrepo's audit period. | .10 |
| 04/17/07 | Review file; email to Dora Crenshaw re: status; received and reviewed reply. | .30 |
| | Research Secretary of State for corporate information; preparation of Complaint, Civil Cover Sheet; Certificate of Interest and Summons; assemble exhibits. | 1.50 |
| | Preparation of Affidavit in Support of Attorney Fees. | .50 |

1


EXHIBIT D

| | |
|---|---:|
| Telephone conference with McHenry County Sheriff's Department regarding service fee. | .10 |
| Final review of Complaint with exhibits, Civil Cover Sheet, Certificate of Interest, Summons. | .40 |
| Revise and finalize Complaint, Summons, Certificate of Interest, Civil Cover Sheet; assembly of full Complaint with exhibits; Email to U.S. District Court for opening of new case. | 1.00 |
| TOTAL HOURS 4.75 X $90.00 PER HOUR | $400.50 |
| TOTAL HOURS .25 X $185.00 PER HOUR | $46.25 |
| TOTAL HOURS .50 X $195.00 PER HOUR | $97.50 |
| U.S. District Court - Filing Fee | $350.00 |
| McHenry County Sheriff's Department - Service Fee | $45.65 |
| **TOTAL FEES AND COSTS** | **$939.90** |

FURTHER THIS AFFIANT SAYETH NAUGHT.

                                         s/ James P. Moody
                                         JAMES P. MOODY
                                         **CAVANAGH & O'HARA**
                                         407 East Adams
                                         P. O. Box 5043
                                         Springfield, IL 62705
                                         Telephone (217) 544-1771
                                         Fax (217) 544-9894
                                         jim@cavanagh-ohara.com

SUBSCRIBED and SWORN to before me this 20th day of April 2007.

                                  *SIGNATURE REDACTED*
                                  Notary Public

                                  "OFFICIAL SEAL"
                                  PATRICIA J. ROBINSON
                                  Notary Public, State of Illinois
                                  My Commission Expires Feb. 16, 2010

F:\files\RAILROAD\Restrepo Brothers, Inc\A-fee.wpd

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
RAILROAD MAINTENANCE AND INDUSTRIAL HEALTH & WELFARE FUND,

(b) County of Residence of First Listed Plaintiff: **Sangamon**
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Cavanagh & O'Hara   (217) 544-1771
407 East Adams Street, Springfield, IL 62701

## DEFENDANTS
HORACIO RESTREPO d/b/a RESTREPO BROTHERS, INC., and RESTREPO BROTHERS, INC

County of Residence of First Listed Defendant: **McHenry**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |  |  | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☒ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) |  |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 240 Torts to Land |  ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 895 Freedom of Information Act |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
E.R.I.S.A., 29 U.S.C. Sec. 1145
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ **Undetermined**
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 4/20/07
SIGNATURE OF ATTORNEY OF RECORD: s/ James P. Moody

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____