IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| RAILROAD MAINTENANCE AND INDUSTRIAL HEALTH AND WELFARE FUND, <br><br>Plaintiff,<br><br>vs.<br><br>HORACE RESTREPO d/b/a RESTREPO BROTHERS, INC., and RESTREPO BROTHERS, INC.,<br><br>Defendants. | No. 07-3106 |

OPINION

RICHARD MILLS, U.S. District Judge:

This case is before the Court on the motion of the Plaintiff for default judgment or, in the alternative, motion for an accounting/evidentiary hearing.

This is an action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1145. The Plaintiff filed the complaint on April 27, 2007. In support of its motion,

1

the Plaintiff alleges that on May 3, 2007, Horacio Restrepo, the President of Defendant Restrepo Brothers, Inc., was duly served by the McHenry County, Illinois, Sheriff's Department with the complaint and summons. The Defendants have failed to timely file responsive pleading.

On June 19, 2007, United States Magistrate Judge Charles H. Evans entered an Order of Default. On June 26, the Plaintiff filed the instant motion for default judgment. The Plaintiff further alleges it is entitled to attorney's fees. Attached to the motion for summary judgment is the amended affidavit in support of attorney fees filed by Attorney James P. Moody. The Defendants did not respond to the Plaintiff's motion for default judgment.

Ergo, the Plaintiff's motion for default judgment [d/e 7] is ALLOWED. Judgment is entered against the Defendants as follows:

1. Defendants are Ordered to produce all necessary records to permit the Plaintiff to conduct a payroll audit for the period from January 1, 2002 through December 31, 2006;

2. Judgment is entered in favor of the Plaintiff and against the

2

Defendants for delinquent contributions for the period of January 1, 2002 through December 31, 2006, and for any additional months which have been unpaid;

3. Judgment is entered in favor of the Plaintiff and against the Defendants for penalties and interest incurred as a result of continuous late reporting of contributions for the period January 1, 2002, through December 31, 2006, and for any additional months which have been unpaid;

4. The Defendants are Directed to perform and continue to perform all their obligations to the Plaintiff, particularly to furnish to the Plaintiff the required contribution reports and payments heretofore referred to;

5. The Defendants are Ordered to pay to the Plaintiff its attorney's fees in the amount of $1,802.40, as provided by the trust agreements and ERISA, 29 U.S.C. § 1132(g)(2); and

6. The Defendants are Ordered to pay all costs attendant to the cost of these proceedings.

IT IS SO ORDERED.

ENTER: July 18, 2007

                        FOR THE COURT:

                                      s/Richard Mills
                                      United States District Judge